# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1856V

|  |  |
|---|---|
| CORY MANDREL WELCH,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Master Daniel Horner<br><br>Filed: September 2, 2025<br><br>Reissued for Public Availability: September 29, 2025 |

*Cory Mandrel Welch, Fox Lake, WI, pro se petitioner.*
*Tyler King, U.S. Department of Justice, Washington, DC, for respondent.*

### **RULING ON ENTITLEMENT**[1]

On November 12, 2024, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of the tetanus and diphtheria ("Td") vaccination that he received on April 11, 2024. Petition at 1.

On August 29, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that:

> [P]etitioner had no history of pain, inflammation, or dysfunction of his right shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain and ROM were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain.

---

[1] Pursuant to Vaccine Rule 18(b), this Ruling was initially filed on September 2, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Ruling is reissued in its original form for posting on the court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* at 6.  Respondent further agrees that based on the medical records filed, "petitioner suffered the residual effects of his condition for more than six months.  Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.  *Id.* (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master